## HOWER v. THE STATE INSURANCE COMPANY.

1. **Insurance**: ADDITIONAL: ORAL PERMISSION. The plaintiff, as agent, obtained an insurance upon a stock of goods in his charge, for and in the name of the owner thereof. The policy by its terms was to become void if additional insurance was obtained without the written consent of the company. Afterwards the goods were sold to plaintiff, and the policy assigned to him with the consent of the company, and he subsequently obtained additional insurance on the goods. *Held*, that the oral permission to take additional insurance given plaintiff, while acting as agent for the insured, by the agent of the company, would not authorize him to take other insurance after he became the owner of the goods. An oral permission will not run with the policy.

*Appeal from Webster Circuit Court*

TUESDAY, APRIL 18.

ACTION upon a policy of insurance upon a stock of goods. The policy was issued to one Nicholas Hower, who was at the time of its issuance the owner of the goods. Afterward Nicholas sold the goods to the plaintiff, and with the consent

of the company, assigned to him the policy in suit. In the
policy is a condition against other insurance. The condition
is in these words: " If, without written consent hereon, there
is any prior or subsequent insurance  *  *  *   this policy
shall be void." After the assignment of the policy by Nich-
olas to the plaintiff, the latter obtained in another company
additional insurance in the sum of $300, and within a month
thereafter the goods were burned. No consent of the
defendant company to the subsequent insurance was in-
dorsed upon the policy. The defendant for answer avers that
the obtaining of the subsequent insurance was a violation of
the policy.

There was a trial to a jury, and verdict and judgment were
rendered for the plaintiff. The defendant appeals.

*J. F. Duncombe,* for appellant.

*A. N. Botsford,* for appellee.

ADAMS, J.—The plaintiff contends that notwithstanding the
fact that he obtained additional insurance, and without the
written consent of the company indorsed upon
the policy, it was not violated. He claims that
the company's agent gave him permission orally
to have additional insurance, and that that is sufficient.

1. INSURANCE:
additional:
oral permis-
sion.

The policy was issued at Fort Dodge. The company's
agent at that place was one Beecher. The permission relied
upon, if given, was given by Beecher. The company insists
that Beecher was merely authorized to receive and forward
applications and had no power to give such permission.
Some evidence was introduced upon this point. We shall not
consider it, because in the view which we take, it is unneces-
sary. For the purposes of the opinion it may be conceded
that Beecher had the power to give the permission. A ques-
tion is raised as to the admissibility of the evidence intro-
duced to prove that Beecher gave the permission. The decision
must turn upon that question.

Before proceeding to consider it we will state a few additional facts, concerning which there is no controversy. The policy was issued in February, 1880. It was obtained by the plaintiff as the agent of the insured, the owner of the goods, Nicholas Hower. The plaintiff was at that time in charge of the goods as the agent of Nicholas. In August of the same year, the plaintiff purchased the goods of Nicholas and took an assignment of the policy. The additional insurance was obtained in December of the same year. The oral permission relied upon, if given, was given before the sale of the goods, and assignment of the policy to the plaintiff, and while he was acting merely as the agent of the insured.

The evidence introduced, the admissibility of which is drawn in question, consisted of the testimony of the plaintiff in regard to what Beecher said, as constituting the alleged permission. The plaintiff testified, against the defendant's objection, that at the time the policy was issued, Beecher said to him, speaking of the insurance: "You can increase it at any time." He also testified, against the defendant's objection, that subsequently, in June, he informed Beecher that he wanted $300 additional insurance and Beecher said: "Go and take it."

The defendant insists that this evidence is immaterial and ought not to have been admitted, and we have to say that we think that the defendant's position is well taken.

If there was any permission given to the plaintiff, to obtain additional insurance, it was given to him as the agent of the insured. The plaintiff could not obtain additional insurance for himself at that time, because he had no insurance to which other insurance could be added. Besides he had no insurable interest in the goods upon which insurance could be effected.

The plaintiff doubtless supposed that if, as agent, he was permitted to obtain additional insurance for his principal before the assignment, he was, after the assignment, permitted to obtain additional insurance for himself. But we cannot so hold. The objection, where there is any, to additional insur-

ance arises by reason of what is called the moral hazard; and the moral hazard depends mainly upon the character of the insured. The defendant, we can conceive, might be willing that Nicholas Hower should have additional insurance, and not be willing that his assignee, the plaintiff, should.

The plaintiff contends, however, that the permission was actually given to him. His position is that when he took an assignment of the policy he took the permission with it; or in other words that the permission, though oral, ran with the policy. No authority is cited in support of such position, and none, we think, can be found, nor are we able to discover any principle which would justify such a ruling.

In our opinion the court erred in admitting the evidence, and the judgment must be

REVERSED.